UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHELLE BAZZETTA, et al.,

    Plaintiffs,

v.

KENNETH McGINNIS, et al.,

    Defendants.
                                  /

Case No. 95-73540

Honorable Nancy G. Edmunds

**ORDER DENYING DEFENDANTS' REQUEST TO VACATE JUNE 27, 2002 ORDER FOR PAYMENT OF INTERIM ATTORNEY FEES; GRANTING DEFENDANTS' REQUEST TO VACATE AUGUST 19, 2002 ORDER GRANTING PLAINTIFFS' MOTION FOR ATTORNEY FEES; AND VACATING AUGUST 19, 2002 ORDER GRANTING PLAINTIFFS ATTORNEY FEES**

This matter is before the Court to address Defendants' request to have this Court vacate its June 27, 2002 Order awarding $224,036.92 in interim attorney fees to Plaintiffs[1] and this Court's August 19, 2002 Order granting Plaintiffs' motion for an additional $570,167.35 in attorney fees and costs. Defendants did not appeal the June 27, 2002 Order, but did appeal the August 19, 2002 Order.

The Court finds that the facts and legal arguments are adequately presented in the motion and briefs and that the decision process will not be significantly aided by oral argument. Thus, pursuant to E.D. Mich. L. R. 7.1(e)(2), it is hereby ORDERED that the Defendants' requests shall be resolved as submitted.

For the reasons stated below, this Court DENIES Defendants' request to vacate its

---

[1] This represents attorney fees that Defendants did not contest as unreasonable. *See* 6/27/02 Order.

June 27, 2002 Order awarding interim attorney fees to Plaintiffs, but GRANTS Defendants' request to vacate its August 19, 2002 Order awarding Plaintiffs an additional $570,167.35 in attorney fees.

**A.  June 27, 2002 Order Awarding Interim Attorney Fees**

It is not disputed that, at the time they were awarded, this Court had the authority to award interim attorney fees to Plaintiffs in this matter.  As of June 27, 2002, this Court had entered an order determining the substantial rights of the parties, and Plaintiffs were the prevailing party on the merits of their claims.  Thus, an award of interim attorney fees was appropriate.  *See Hanrahan v. Hampton*, 446 U.S. 754, 757-58 (1980); *Webster v. Sowders*, 846 F.2d 1032, 1036 (6th Cir. 1988).  *See also Frazier v. Bd. of Trustees of Northwest Mississippi Regional Medical Center*, 765 F.2d 1278, 1293-94 (5th Cir. 1985) (affirming the district court's interim award of attorney fees to a plaintiff who had obtained substantive relief and a preliminary injunction against the defendants and observing that even though "a plaintiff eventually loses on the merits of a section 1983 claim" this "does not automatically undermine the validity of an interim attorney's fee award based on substantial relief . . . .  A plaintiff's prevailing-party status requires the district court to have passed favorably on the merits of the civil rights claim and to have granted relief that would not have been gained but for the litigation.")

Defendants did not appeal that June 27, 2002 Order and paid Plaintiffs $224,036.92 without first requiring that Plaintiffs post bond in that amount.  Despite these facts and their failure to provide authority on point, Defendants ask this Court to vacate its earlier Order and to enter a new order forcing Plaintiffs to disgorge the $224,036.92 in interim attorney fees properly paid to Plaintiffs over four years ago.  The Court denies Defendants' request.

The injunctive relief Plaintiffs obtained prior to the June 27, 2002 Order did not maintain the status quo; it altered it. As a consequence of this Court's orders lifting the permanent bans at issue here, numerous Plaintiffs obtained positive, lasting results. Many had the permanent ban due to substantive abuse violations lifted before their release or parole. These Plaintiffs, as well as their families, were able to enjoy visits previously banned. Moreover, as the Sixth Circuit recently observed, "the issues presented" in this case "posed significant public policy concerns and presented difficult and close legal issues to the courts" where "[t]he prisoners and their visitors initially prevailed" in the district court and the Sixth Circuit "but lost in the Supreme Court." *Bazzetta v. Caruso*, 183 Fed. App'x 514, 515 (6th Cir. May 23, 2006) (rejecting a request that Plaintiffs be taxed costs in the amount of $16,208.25 because "[t]he litigation was taken in good faith, the case was difficult, and there is no necessity on the part of the prevailing party, the Michigan prison system, for a cost award" and observing that "the plaintiffs here are all prisoners and their visitors" who "will possess few resources with which to meet an award of costs.").

### B. August 19, 2002 Order Awarding Attorney Fees to Plaintiffs as Prevailing Parties

After the award and payment of undisputed interim attorney fees, this Court considered Plaintiffs' additional request for disputed attorney fees and costs incurred through May 2002. On August 19, 2002, this Court ruled that Plaintiffs were prevailing parties and awarded Plaintiffs reasonable attorney fees and costs in the amount of $570,167.35. Defendants posted a bond for these fees and appealed.

The appeal was stayed pending a ruling in *Overton v. Bazzetta*, 539 U.S. 126 (2003). After *Overton* was decided in Defendants' favor, Defendants filed a motion in the Sixth

Circuit seeking a peremptory reversal of this Court's August 19, 2002 decision. The Sixth Circuit denied Defendants' motion and remanded the matter to this Court so that it may reconsider the Plaintiffs' status as a prevailing party in light of the Supreme Court's decision in *Overton*. *Bazzetta v. McGinnis,* 79 Fed. App'x 161 (6th Cir. Oct. 24, 2003).

In a December 23, 2003 Order, this Court determined that Plaintiffs had prevailed on a number of significant issues including their request for injunctive relief, expanded visits for minor children, and their claim of a procedural due process violation. Given the decision by the Supreme Court in *Overton*, however, this Court ordered further briefing before resolving the reasonableness of attorney fees previously awarded. The matter has now been fully briefed. As discussed above, this Court will not disturb its prior, unappealed June 27, 2002 order and Defendants' payment to Plaintiffs of $224,036.92 in attorneys fees. Given the decision by the Supreme Court in *Overton* and the Sixth Circuit's decision holding the there was no facial procedural due process violation, *Bazzetta v. McGinnis*, 423 F.3d 557 (6th Cir. 2005), this Court vacates its August 19, 2002 Order awarding Plaintiffs additional attorney fees in the amount of $570,167.35.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: November 20, 2006

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on November 20, 2006, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager